Syed Hameed **AHMED**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–74956.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esquire, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Wayne R. Gross, Esquire, Snell & Wilmer LLP, Costa Mesa, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Washington, DC, Andrew Stolper, Esquire, Office of the U.S. Attorney, Santa Ana, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Syed Hameed Ahmed, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") or-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004), we dismiss in part, deny in part, and grant in part the petition for review, and remand.

■ We lack jurisdiction to review Ahmed's social group contention because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

■ In his opening brief, Ahmed did not address, and therefore has waived any challenge to the denial of CAT protection. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Finally, we agree with the parties that the BIA erred in finding Ahmed's asylum application time-barred. *See* 8 C.F.R. § 1208.4(a)(2)(ii).[1] Furthermore, substantial evidence does not support the agency's finding that the police are not interested in Ahmed, at least in part, on account of his involvement with the MQM–Altaf. *See Hoque*, 367 F.3d at 1198; *see also Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995) ("[P]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied."). Ahmed, his brother, and mother, testified the Pakistani police are interested in him, in part, because of his membership in the MQM–Altaf. The record also shows the police operates in collu-

sion with MQM–Altaf's political rival, the MQM–Haqiqi.

■ Because the BIA did not address Ahmed's asylum claim under a mixed motive analysis, we grant the petition for review in part and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

1. In light of our disposition of this issue, we need not reach Ahmed's due process contention relating to the timeliness of his asylum application. To the extent Ahmed further contends a due process violation because the BIA did not allow him to present additional new evidence, that contention fails. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999) (explaining that proper procedure is for alien to move BIA to reopen proceedings).